**Not For Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Shakir Torrence, : | |
| Plaintiff, : | |
| : | Civil Action No. 10-922 (DRD) |
| v. : | OPINION AND ORDER |
| C. Saunders, et al., : | |
| Defendants. : | |

**SHIPP, United States Magistrate Judge**

## I. INTRODUCTION

This matter comes before the Court by way of Plaintiff Shakir Torrence's ("Plaintiff") Application for *Pro Bono* Counsel. (Docket Number ("Doc. No.") 8 ("*Pro Bono* App.").) For the reasons stated below, Plaintiff's application is denied without prejudice.

## II. BACKGROUND

Plaintiff was incarcerated in Bayside State Prison in Leesburg, New Jersey. (Doc. No. 7 ("Amend. Comp.") 4.) Plaintiff asserts that he sustained injuries to his head and left ankle during a beating by the Correction Officer Defendants. (*Id.* at 6.) Specifically, Plaintiff asserts that on or about December 31, 2008, while working in the kitchen at the Garden State Youth Correctional Facility, a verbal exchange occurred between Plaintiff and Defendant Saunders. (*Id.*) Shortly later, Plaintiff was told to raise his hands for a search before being escorted back to

his unit, then placed in a headlock by Defendant Saunders, slammed to the ground by Defendants Saunders and Tomlin, and punched and kicked by the Defendants while he lay on the floor. (*Id.*)

### III. LEGAL DISCUSSION

Under 28 U.S.C. § 1915(e)(1), this Court "may request an attorney to represent any person unable to afford counsel." Indigent parties asserting civil rights claims, however, have no absolute constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the Plaintiff's claim has some merit in fact and law. *Id.* at 457-58. If the court determines that the Plaintiff's claim has some merit, then the court should consider the following factors:

(1) the Plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the Plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the Plaintiff can attain and afford counsel on his own behalf.

*Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The list of factors identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts. *Id.* at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Tabron, supra*, 6 F.3d at 157).

An analysis of the *Tabron* factors in this case reveals that appointment of *pro bono* counsel is not appropriate at this stage of the proceedings. First, the Court finds that appointment of *pro*

*bono* counsel is unnecessary, as Plaintiff appears able to articulate his legal claims and position, as indicated by the pleadings filed in this matter. Moreover, the legal issues underlying Plaintiff's Complaint appear to be straightforward and well-understood by Plaintiff.

Regarding the third *Tabron* factor, while obtaining certain prison records, medical records and other reports may be necessary, it does not appear that Plaintiff is incapable of obtaining this information. Notably, the degree of factual investigation which may be required in this case is not clear as Defendants have not entered an appearance. Moreover, any factual investigation pertaining to the Plaintiff's injuries and the Defendants' conduct appears to be straightforward and will require standard factual investigation channels, such as interrogatories and document requests, which Plaintiff appears able to handle. Thus, Plaintiff failed to convince this Court that he will be unable to properly pursue a factual investigation should one be required.

As for credibility determinations and whether this case will turn on same, this Court finds that credibility concerns do not provide a basis for appointing *pro bono* counsel at this time. Likewise, regarding expert discovery, this Court finds that Plaintiff has failed to demonstrate a necessity for expert testimony that would rise to the level necessary to appoint *pro bono* counsel. Accordingly, this Court finds that Plaintiff has failed to satisfy the fourth and fifth *Tabron* factors.

Finally, this Court must assess whether Plaintiff can obtain and afford counsel on his own behalf. This factor weighs in favor of appointment of *pro bono* counsel because Plaintiff is incarcerated and earns a limited amount at his current institution. According to Plaintiff's Application to Proceed in *Forma Pauperis*, he receives $21.00 per month for his current institutional employment. However, Plaintiff has not demonstrated any efforts to obtain counsel,

apart from his *Pro Bono* Application. While this Court finds that this final *Tabron* factor weighs in favor of appointment of *pro bono* counsel, it does not outweigh the other factors discussed in this Opinion and Order.

## **ORDER**

Based on the foregoing, and for good cause shown, it is on this **18th** day of **January, 2012, ORDERED** that Plaintiff Shakir Torrence's Application for *Pro Bono* Counsel is denied without prejudice.

                                                s/ Michael A. Shipp
                                                **MICHAEL A. SHIPP**
                                                **UNITED STATES MAGISTRATE JUDGE**