**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| SHAKIR TORRENCE, : | |
| : | Civil Action No. 10-0922(DRD) |
| Plaintiff, : | |
| : | |
| v.  : | **OPINION** |
| : | |
| C. SAUNDERS #226, et al., : | |
| : | |
| Defendants. : | |

---

APPEARANCES:

Shakir Torrence
C.R.A.F.
P.O. Box 7450
Trenton, NJ  08628
    Plaintiff pro se

Andrew John Sarrol, Esq.
State of New Jersey
Office of the Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ  08628
    Counsel for Defendant C. Saunders #226

DEBEVOISE, District Judge

This matter is presently before the Court pursuant to the submission of a Motion [55] for summary judgment by Defendant C. Saunders.

For the reasons state below, the Motion will be granted.

I.  BACKGROUND

This matter was originally opened to the Court by Plaintiff Shakir Torrence's submission of a Complaint [1], pursuant to 28 U.S.C. § 1983.  Thereafter, Plaintiff filed an Amended Complaint [7] and a Second Amended Complaint [18], the latter of which is the operative pleading.

In the Second Amended Complaint, Plaintiff asserts that after his shift in the kitchen at Garden State Youth Correctional Facility, on December 31, 2008, Defendant Correctional Officer C. Saunders told Plaintiff to put his hands up for a search, but he then put Plaintiff in a headlock and called for Defendant John Doe, also known as Correctional Officer Tomlin, for assistance in slamming Plaintiff to the ground.  Plaintiff asserts that Defendants Saunders, Tomlin, and several other correctional officers then beat Plaintiff, for no reason, causing a cut on his temple, swelling in the area of his cheekbone, and a painful and swollen ankle.

Plaintiff asserts that the actions of the Defendants Saunders and Tomlin violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection of the law.  He seeks compensatory and punitive damages and all other just and proper relief.

Following the close of discovery, Defendant Saunders filed this Motion [55] for summary judgment, accompanied by a Statement of Material Facts disputing the factual allegations made by Plaintiff regarding the events of December 31, 2008, and asserting various grounds for relief, including the affirmative defense that Plaintiff has failed to exhaust his administrative remedies.[1]  Plaintiff has not filed any opposition to the Motion for summary judgment.

This Court has considered the Motion and the various submissions of the parties and will decide the Motion on the briefs, pursuant to Federal Rule of Civil Procedure 78(b).

## II.   JURISDICTION

This Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that the Complaint alleges federal civil rights claims under 42 U.S.C. § 1983.  See Max v. Republican Comm. of Lancaster County, 587 F.3d 198, 199 n.1 (3d Cir. 2009), cert. denied 560 U.S. 925 (2010).

## III.   SUMMARY JUDGMENT

A district court shall grant summary judgment, as to any claim or defense, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  Thus,

---

[1] It appears that Defendant Tomlin has never been served.

summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Fed.R.Civ.P. 56(c)(1), (4); Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

4

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (citation omitted)); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (citing Celotex, 477 U.S. at 325)).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. "[T]he non-moving party, to prevail, must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Cooper v. Sniezek, 418 F.App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

5

586 (1986) (citations omitted).  Instead, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990) ("The object of [the Rule] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("To raise a genuine issue of material fact, ... the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the ' mere scintilla' threshold and ... offer[] a genuine issue of material fact.").

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255). In making this determination, however, the court may consider materials in the record other than those cited by the parties. Fed.R.Civ.P. 56(c)(3).

IV.   DISCUSSION

In support of his Motion for summary judgment for failure to exhaust administrative remedies, Defendant Saunders has submitted a copy of Plaintiff's New Jersey Department of Corrections "Inmate Remedy System Form," in which Plaintiff asserted the following administrative complaint:

> On December 31, 2008 while working in the kitchen in Garden State Youth Correctional Facility, I was assaulted by C.O. C. Saunders #226, C.O. Cor Tomlin and a number of others that I can't name.  Due to the assault I suffered from a busted head, a black eye and a sprained ankle.  While I was on the ground one big officer put his knee in my back that was never looked at.  I beat the charges that was given to me.  I would like compensation for my injuries and strain that was put on my family financially and emotionally.  I would like to sue all parties involved.

(Sarrol Decl., Ex. E, "Inmate Remedy System Form".)  In the Staff Response Area, the initial staff response was, "You need to get on the pass list for the law library to work on your issues."  (Id.)  Plaintiff did not administratively appeal this response any further.  (Id.; Sarrol Decl., Ex. A, Plaintiff's Deposition at 27-30.)  These facts are not in dispute.

The exhaustion of administrative remedies is a mandatory prerequisite to any prisoner's filing of a civil rights action regarding prison conditions.  42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).  Specifically, Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion is a precondition for bringing suit and, as such, it is a "'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" Small v. Camden County, 728 F.3d 265, 270 (3d Cir. 2013) (alternation in original) (citations omitted).

"[T]he ... exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (citation omitted). See also Nyhuis v. Ngo, 204 F.3d 65, 68-69 (3d Cir. 2000) (holding that the § 1997e(a) exhaustion requirement applies equally to claims brought by federal and state prisoners). In addition, a prisoner must exhaust all available administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process, as long as the grievance tribunal has authority to take some responsive action. Booth v. Churner, 532 U.S. 731 (2001).

8

The applicable procedural rules for properly exhausting administrative remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by [§ 1997e(a)] to 'properly exhaust.'" Jones v. Bock, 549 U.S. 199, 218 (2007). See also Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004) (same). The burden of proving non-exhaustion lies with the defendants asserting the defense. Jones, 549 U.S. at 212, 216-17.

Section 1997e(a) "demands that a prisoner exhaust his administrative remedies before filing suit." Strickengloss v. State Correction Institution at Mercer, 531 F.App'x 193, 194 (3d Cir. 2013) (emphasis added) (citing Jones v. Bock, 549 U.S. at 204). See also Thrower v. U.S., 528 F.App'x 108 (3d Cir. 2013) (affirming dismissal of Bivens claim for failure to exhaust, even though prisoner exhausted his remedies after filing suit) (citing Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) (collecting cases)); Oriakhi v. United States, 165 F.App'x 991, 993 (3d Cir. 2006) (noting "unanimous circuit court consensus" that a prisoner cannot fulfill the exhaustion requirement after filing the complaint). Accordingly, if Plaintiff failed to exhaust his administrative remedies before filing this action, he cannot cure that defect during the pendency of this suit.

Here, the New Jersey Department of Corrections has established a comprehensive Inmate Remedy System, through which "inmates may formally communicate with correctional facility staff to request information from, and present issues, concerns, complaints or problems to the correctional facility staff." See N.J.A.C. 10A:1-4.1 through 4.9. The Inmate Remedy System Form is available from inmate housing units, the Social Services Department, and the law library. N.J.A.C. 10A:1-4.4(f). An aggrieved inmate must submit the Inmate Remedy System Form to the designated institutional coordinator, who refers it to the appropriate official for response. N.J.A.C. 10A:1-4.8. The Inmate Remedy System Form must be complete and legible and must include "a clear and concise statement summarizing the request." N.J.A.C. 10A:1-4.4(e). Generally, the response to a routine request is to be provided to the inmate within 30 days. N.J.A.C. 10A:1-4.4(i), 10A:1-4.5(e). Where further deliberation is necessary, the initial response to the inmate shall include statements that indicate that further deliberation is necessary, the nature of the deliberation required, and the timeframe within which the final response shall be provided to the inmate. N.J.A.C. 10A:1-4.4(i). An inmate may appeal the initial response to the institution Administrator within 10 calendar days from the issuance of the initial decision, and the Administrator is to respond within 10 business days. N.J.A.C.

10A:1-4.4(i), 10A:1-4.6. The response from the Administrator completes the administrative remedy procedure. N.J.A.C. 10A:1-4.6(d). The New Jersey regulations specifically provide that "[t]he comprehensive Inmate Remedy System to include a 'Routine Inmate Request' and/or 'Interview Request,' and an 'Administrative Appeal' must be utilized and fully exhausted prior to an inmate filing any legal action regarding information requests, issues, concerns, complaints, or problems." N.J.A.C. 10A:1-4.4(d).

Here, the undisputed evidence reflects that Plaintiff initiated an administrative remedy, but failed to exhaust it by administratively appealing it. To the extent the initial response to Plaintiff, that he go to the law library to investigate his issues, was not a satisfactory resolution of Plaintiff's request, he was required to appeal the decision in order to exhaust his administrative remedies. Cf. Ramos v. Hayman, Civil No. 11-0259, 2011 WL 3236395 (D.N.J. July 27, 2011) (holding that New Jersey state prisoner who failed to appeal or respond to initial response asking him to contact an investigator had failed to exhaust available administrative remedies).

Accordingly, this Court finds that Plaintiff failed to exhaust the administrative remedies that were available to him, as he is required to do by § 1997e(a) before bringing suit. The

11

Motion for summary judgment will be granted and all of Plaintiff's claims will be dismissed.[2]

In light of the Court's resolution of the exhaustion issue, it is not necessary to address Defendant Saunders's additional grounds for relief.

## V.   CONCLUSION

For the reasons set forth above, the Motion for summary judgment will be granted.  An appropriate order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise
United States District Judge

Dated:   September 26, 2014

---

[2] As the time for appealing the administrative remedy has long since passed, it appears that Plaintiff can no longer exhaust his administrative remedies with respect to the claims asserted here.  Accordingly, all claims will be dismissed with prejudice.